HENRY CHRISTIAN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christian v. Commissioner
Docket No. 45639-86.
United States Tax Court
T.C. Memo 1989-51; 1989 Tax Ct. Memo LEXIS 50; 56 T.C.M. (CCH) 1200; T.C.M. (RIA) 89051; February 6, 1989
Henry Christian, Jr., pro se. Michael S. Noble, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated August 28, 1986, respondent *51 determined a deficiency of $ 3,607 in petitioner's Federal income tax for 1984. Respondent also determined that petitioner was liable for additions to tax under section 6653(a)(1) [1] in the amount of $ 180.35 and section 6653(a)(2) in an amount equal to 50 percent of the interest due on $ 363. After concessions, the remaining issues for decision are: (1) whether certain business expenses claimed by petitioner were ordinary and necessary expenses under section 162; (2) whether petitioner was entitled to a deduction for certain casualty losses; (3) and whether petitioner was subject to additions to tax under section 6653(a)(1) and (a)(2). FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner resided in Los Angeles County, California, at the time he filed his petition. During 1984, petitioner was employed as an electrician. *52 Petitioner also maintained a landscaping and building services business called Aqua-Armstrong, Inc. Petitioner placed some of his business equipment in storage in 1986. When petitioner went to retrieve the equipment in 1988, he found it was damaged. On Schedule C of his 1984 income tax return, petitioner reported a net loss of $ 13,929.86 ($ 3,480.00 in income less $ 17,409.86 in deductions) from his Aqua-Armstrong business. Petitioner also claimed a $ 1,938.00 casualty loss for damages to his 1968 automobile that were incurred in an accident. In his notice of deficiency, respondent disallowed petitioner's claimed loss from Aqua-Armstrong as well as $ 747 of petitioner's claimed casualty loss. Respondent also determined that a state tax refund received by petitioner was taxable. Respondent now concedes that this refund is not taxable. Petitioner also concedes that respondent's determination of an additional $ 537 in unreported interest income is correct. OPINION Disallowed Business Deductions
We first address whether petitioner was entitled to deduct the amounts disallowed by respondent as ordinary and necessary business expenses. Section 162(a) generally *53 allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Respondent does not challenge that petitioner was engaged in a trade or business. Accordingly, we focus on whether the amounts in question were paid or incurred and whether they were ordinary and necessary. Respondent's determinations are presumed correct, and accordingly, petitioner bears the burden of proof on the issues before us today. ; Rule 142(a). Petitioner's evidence consisted of his vague testimony concerning the general nature of his business as well as about the damage in 1988 to his business equipment, which is not at issue in this case. Petitioner introduced no evidence concerning the incurrence or payment of the disallowed amounts. Accordingly, we hold petitioner failed to carry his burden of proof. Casualty Loss
We next address whether petitioner was entitled to a casualty loss deduction for the amount disallowed by respondent. Section 165(a) generally allows a deduction for losses sustained that are not compensated for by insurance or otherwise. Limitations on casualty losses claimed *54 by individuals are set forth in section 165(c)(3) and (h). Petitioner, however, has not proven the occurrence or amount of loss from the 1984 automobile accident. Petitioner's testimony at trial centered on the damage in 1988 to his business equipment, which is irrelevant to this issue. Consequently, we hold petitioner has failed to carry his burden of proof. ; Rule 142(a). Additions to Tax under Sections 6653(a)(1) and 6653(a)(2)
We now address the final issue of whether petitioner is liable for additions to tax under sections 6653(a)(1) and 6653(a)(2). Section 6653(a)(1) generally provides for an addition to tax of 5 percent of any underpayment if any part of the underpayment is due to negligence or the intentional disregard of rules or regulations. Section 6653(a)(2) provides for a further addition to tax in an amount equal to 50 percent of the interest due on that portion of the underpayment that is attributable to negligence or intentional disregard of rules and regulations. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . *55 Respondent's determination of negligence is presumed correct, and petitioner bears the burden of proving otherwise. , affg. a Memorandum Opinion of this Court; ; ; Rule 142(a). Petitioner introduced no evidence at trial with respect to this issue, and we are unable to determine the reasonableness of petitioner's actions due to the vague record before us. Accordingly, we hold petitioner has not overcome the correctness of respondent's determination. In light of the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩